IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| PRESTIGE MANUFACTURING COMPANY, LLC | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. CIV-20-56-R |
| TOM GAULT, | ) |  |
| Defendant. | ) |  |

# ORDER

Defendant removed this action from the District Court of Pottawatomie County, pursuant to 28 U.S.C. § 1332, relying on the Court's diversity jurisdiction. Plaintiff filed a Motion to Remand (Doc. No. 7) seeking to return the case to state court. Defendant responded in opposition to the motion and Plaintiff filed a reply in support of its position. (Doc. Nos. 10 and 11). Upon consideration of the parties' submissions, the Court finds as follows.

Defendant removed this action representing that he is a citizen of Oklahoma and that the limited liability company Plaintiff, Prestige Manufacturing Company, "was and is, upon information and belief, a Texas limited liability company with its principal place of business in Tyler, Texas."[1] In response to Defendant's removal Plaintiff seeks remand, asserting the absence of diversity jurisdiction.

---

[1] In *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233 (10th Cir. 2015), the Tenth Circuit enunciated the proper test for determining the citizenship of a limited liability company for purposes of diversity jurisdiction. The party seeking to establish jurisdiction in this Court is responsible for identifying the citizenship of each member of the LLC at the time of removal. The place of organization and principal place of business of an LLC are wholly irrelevant. Clearly Defendant's notice of removal was deficient, a deficiency they request leave to fix in the response to the instant motion.

The facts and evidence before the Court are insufficient to establish Plaintiff's citizenship. Diversity jurisdiction requires complete diversity: "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Jurisdictional facts such as citizenship must be proven by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332, which provides, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States." 28 U.S.C. § 1332(a).

Plaintiff, Prestige Manufacturing LLC, is a limited liability company with two members, Bradley Beard, a citizen of Louisiana, and Prestige Capital, LP, an unincorporated association. A limited partnership, like a limited liability company, is a citizen of the state of each of its partners. Prestige Capital, LP's partners are Prestige Partners, LLC, Austin Wright, Stuart Hene, and Marc Cutler, all allegedly citizens of Texas, and Johnny Johnson, who Defendant asserts is a citizen of Texas. In its motion, Plaintiff represents that Johnny Johnson is a citizen of Oklahoma. Defendant disputes the representations regarding Mr. Johnson's citizenship, asserting that Plaintiff cannot rely on the affidavit of Mr. Johnson's partner to establish Mr. Johnson's citizenship. In its Reply, Plaintiff includes an affidavit from Mr. Johnson wherein he avers that he is a resident of Oklahoma, was a resident at the time the lawsuit was filed, and intends to remain in

Oklahoma, where he has a home and a bank account, runs the Plaintiff's business, and cares for his elderly mother.

"For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings,* 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. The Court finds that Johnny Johnson's evidence is sufficient to establish by a preponderance of the evidence that he is a resident of Oklahoma, not Texas. Because Defendant Gault is also a resident of Oklahoma, the Court lacks jurisdiction over this case because there is a lack of complete diversity between the parties.

Additionally, neither party addresses the citizenship of the members of Prestige Partners, LLC, which is also relevant to the outcome. Again, Defendant bears the burden of establishing diversity. Prestige Partners, LLC is a partner in Prestige Capital, LP, one of the two members of Plaintiff Prestige Manufacturing LLC. Where the member of an unincorporated association is also an unincorporated association, the citizenship of the member unincorporated association must be traced through however many layers of partners or members there may be to determine the citizenship of the unincorporated association party.[2] Defendant, the removing party, failed to identify the members of Prestige Partners, LLC, or their citizenship in either the Notice of Removal or in response to the Motion to Remand. [3]

---

[2] The Court notes that Plaintiff's disclosures under Local Civil Rule 7.1.1 (Doc.No. 6) are deficient. The rule provides, "[i]f any party has invoked federal jurisdiction on the basis of diversity of citizenship with the LLC or partnership, the disclosure shall also affirmatively state whether any of the members or partners are citizens of the adversary's alleged state of citizenship." The disclosures do not identify the members of Prestige Partners, LLC, or, their citizenship.

[3] Defendant provides Texas corporate business filings that show Mr. Johnson as a manager for Prestige Partners, LLC, with a Texas address. The documents do not identify the members of the LLC.

Upon consideration of the parties' submissions, the Court finds that Defendant has failed to establish the existence of complete diversity, and accordingly, remand of this matter is proper. The matter is hereby remanded to the District Court of Pottawatomie County, Oklahoma.

**IT IS SO ORDERED** this 3rd day of March 2020.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE